**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2014

DIRECTV INCORPORATED,

Plaintiff - Appellee,

versus

JOEL CARRERA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, District Judge. (CA-03-93)

Submitted: April 26, 2006          Decided: June 14, 2006

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joel Carrera, Appellant Pro Se. Adam Casagrande, WILLIAMS, MULLEN, HOFHEIMER & NUSBAUM, PC, Norfolk, Virginia; Howard Robert Rubin, SONNENSCHEIN, NATH & ROSENTHAL, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joel Carrera appeals from the district court's order finding that he committed two violations of the Federal Communications Act, 47 U.S.C. § 605(a) (2000), and a violation of the Wiretap Act, 18 U.S.C. § 2511(1)(a) (2000), in a private action brought by DirecTV, Inc. Carrera argues that the district court abused its discretion in ruling inadmissible at trial two settlement agreements to which DirecTV was a party, and an affidavit by Jeffrey Fisher, a former DirecTV employee. Carrera also challenges the district court's finding that the violations at issue could be inferred from his receipt of "pirate access devices" and the maintenance of a suspended DirecTV account, particularly when he returned one of the devices at issue about two weeks after he received it.

With respect to the settlement agreements and the Fisher affidavit, this court reviews a district court's decision as to the admissibility of evidence for an abuse of discretion and will not find an abuse unless a decision was "arbitrary and irrational." United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). We hold that the district court rationally excluded the settlement agreements because their entry into evidence would not have affected the district court's consideration of the credibility of other evidence submitted by DirecTV. See Fed. R. Evid. 408. We also conclude that the district court did not abuse its discretion

in excluding the Fisher affidavit, which makes no reference to Carrera and does not shed light on the issues in dispute. See Fed. R. Evid. 402, 403.

Regarding the district court's finding that Carrera's violations could be inferred from his possession of pirate access devices and maintenance of a suspended DirecTV account, we review the court's legal conclusions de novo and its factual findings for clear error. Va. Vermiculite Ltd. v. Historic Green Springs, Inc., 307 F.3d 277, 284 (4th Cir. 2002); see also Fed. R. Civ. P. 52(a). The district court noted that the evidence showed Carrera purchased a "DualPro WTX Ultimate Unlooper Programmer" on January 17, 2001, purchased an "Emulator complete with cables" on January 26, 2001, and returned the Emulator on February 10, 2001. Carrera asserts that because he returned the Emulator, he cannot be said to have pirated DirecTV signals with the Emulator, and the § 605(a) count related to his possession of the Emulator thus is not supported by the evidence. This argument does not cast doubt upon the district court's factual finding that he possessed the Emulator, which was capable of intercepting DirecTV signals, for two weeks, and during that two-week period he maintained a suspended DirecTV account. With respect to the district court's conclusion that Carrera pirated DirecTV programming based on circumstantial evidence, we find the conclusion adequately supported by the evidence. "[C]ircumstantial evidence is no less probative than direct

- 3 -

evidence," and here, the district court's inference was reasonable and grounded in facts reflected in the record.  <u>Stamper v. Muncie</u>, 944 F.2d 170, 174 (4th Cir. 1991).

We therefore affirm the decision of the district court. <u>See</u> <u>DirecTV v. Carrera</u>, No. CA-03-93 (W.D. Va. Aug. 19, 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -